**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05cv266**

| | | |
|---|---|---|
| **DEBORAH WILSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **U.S. POSTAL SERVICE, OFFICE OF** | ) | |
| **INSPECTOR GENERAL,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on plaintiff's second Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 and the United States' timely Response to Plaintiff's Motion for Order.  Through her motion, plaintiff seeks to quash an administrative subpoena issued by the United States Postal Service requiring her bank to provide certain account information.  Having considered all of the pleadings of record, the court makes the following findings and conclusions:

1.      This court has jurisdiction over plaintiff's motion in accordance with 12, United States Code, Section 3410, inasmuch as the process at issue is an "administrative summons," and plaintiff's motion is filed in "the appropriate United States district court.

2.      This matter has been properly referred to the undersigned United States Magistrate Judge for disposition in accordance with 28, United States Code, Section 636(b), inasmuch as such disposition is not a "Final Order" as specifically provided by 12, United States Code, Section 3410(d) ("A court ruling denying a motion or application under this section shall not be deemed a final order . . . .").

3.      For cause, plaintiff argues that she has paid these bad checks and that she does not understand why the United States Postal Service is continuing to investigate this matter.

4.      She further states that she filed an earlier request with this court, which the court interprets

to mean that she is reasserting those arguments herein. Earlier, plaintiff argued that the financial records sought by administrative summons are not relevant to a legitimate law enforcement inquiry because:

a.    The months requested are not relevant to the month of February and October 2004 when the dishonored checks were written;

b.    The Clerk of Court for Rutherford County put a freeze on her checking account, which caused the checks written to the United States Postal Service to be dishonored; and

c.    She wrote some of these checks in error.

<u>See</u> Sworn Statement of Movant and attached letter in 1:05cv39. Plaintiff reasserts herein that she wrote such checks in error.

5.      In response to the motion of the plaintiff, the United States has filed a timely response. Attached to such response is the affidavit of Special Agent Roger Marvin, United States Postal Service, and a copy of the Subpoena Duces Tecum issued to the custodian of records for Carolina First Bank. Special Agent Marvin has averred to the following:

a.    plaintiff is an employee of the United States Postal Service ("USPS");

b.    plaintiff presented several personal checks to the USPS to pay for postage;

c.    such personal checks were dishonored due to insufficient funds;

d.    during and in the course of his investigation, plaintiff made statements in her own defense that were contradicted by bank records that had already been obtained;

e.    when confronted with the contradiction of her statements, plaintiff stated to the investigator that the bank's records were in error and that her bank account had sufficient funds at the time of presentment;

f.    further, plaintiff stated (as she does in this motion) that sufficient funds existed in the account, but that the checks were dishonored because the Clerk of Court or County tax office had improperly frozen her accounts;

g.      the affiant investigated that claim and determined that while a freeze was contemplated, no county authority had frozen her account because there was no money in the account to be frozen;

h.      that plaintiff wrote checks in the months of January, July, and October 2004 that were dishonored;

i.      the affiant states that production of the bank records from Carolina First are necessary to determine whether plaintiff has made a false statement during such investigation; and

j.      the affiant further states that the second subpoena is necessary inasmuch as it covers a period that was not covered by the previous subpoena, but which is relevant to the investigation inasmuch as the affiant has subsequently discovered that the tax collector had placed an attachment on the plaintiff's account between September 18, 2003, and September 26, 2003.

See Marvin Affidavit, Exhibit A to Defendant's Response.

6.      The court has closely examined the subpoena and determines that the USPS seeks account information for the months of September 2003 through November 2003, which is a period relevant to the law enforcement inquiry.

7.      The court takes judicial notice that banking records for a number of months that precede and follow a questioned transaction can be relevant to an investigation that involves financial records.

8.      The court finds that the United States has alleged that it is conducting a criminal investigation concerning potentially *false statements* made by plaintiff to a Special Agent of the United States Postal Service during and in the course of his investigation.

9.      Title 18, United States Code, Section 1001(a)(2) provides

(a)      Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully--
            * * *

(2)       makes any materially false, fictitious, or fraudulent
statement or representation;

* * *

shall be fined under this title or imprisoned not more
than 5 years, or both.

10.    The relevance of the sought after material to a criminal investigation can be analyzed through a review of the essential elements of the suspected criminal conduct. The essential elements of a Section 1001(a)(2) violation are, as follows:

(1)       a material statement or representation;

(2)       which is false, fictitious, or fraudulent;

(3)       made in a matter within the jurisdiction of a department or agency of the United States; and

(4)       done knowingly and willfully.

11.    The court finds that plaintiff's bank records from Carolina First during the period requested are relevant to a determination of whether there has been a violation of Section 1001(a)(2), specifically whether plaintiff's statements to a special agent of a department or agency of the United States were "false, ficticious, or fraudulent."

12.    In accordance with 12, United States Code, Section 3410(c), the court finds that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry. The court will, therefore, deny plaintiff's motion and Order the administrative process enforced.

### ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's second Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 is **DENIED**, and the administrative process captioned as a Subpoena Duces Tecum directed to Carolina First Bank is **ENFORCED**. The Clerk of this Court is respectfully instructed to administratively close this file.

-4-

In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding *pro se* is advised in accordance with 12, United States Code, Section 3410(d), that this Order is **not** a final order and that **no** interlocutory appeal may be taken herefrom. An appeal from this Order may only be taken by her (1) within such period of time as provided by law as part of any appeal from a final order in any legal proceeding initiated against her by the United States that arises out of the production of such financial records, i.e., a criminal prosecution, or (2) within 30 days of notification to her by the United States that no legal proceeding is contemplated against her.

In the event no legal proceeding is initiated against plaintiff, the United States is required to notify this court within 180 days of the filing of this Order and certify that no such determination has been made.

**Signed: August 16, 2005**

Dennis L. Howell
United States Magistrate Judge